UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEE W. MURBERG,

    Plaintiff,

v.                                     CASE NO: 8:10-cv-1012-T-26TGW

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

**O R D E R**

Pending before the Court for resolution is the Report and Recommendation of United States Magistrate Judge Thomas G. Wilson in which he recommends that Defendant's decision to deny Plaintiff's claim for Social Security disability payments, as well as the partial denial of supplemental security income payments, be affirmed.[1] Plaintiff, through counsel, has filed timely objections which focus on three specific areas in which he contends the Magistrate Judge (1) improperly rejected the opinion of Dr. Hanna, (2) improperly concluded that Dr. Christ 's opinion with regard to the meaning of "sedentary" was superior to that of Dr. Hanna, and (3) improperly allowed the Administrative Law Judge to treat Dr. Christ's opinion as superior to that of Dr. Hanna.[2]

---

[1] See docket 18.

[2] See docket 19.

In light of Plaintiff's specific, timely objections, this Court is now charged with the obligation to conduct a *de novo* review of the portions of the record to which objection has been advanced, following which the Court may accept, reject, or modify in whole or in part, the findings and report of the Magistrate Judge. See Macort v. Prem, Inc., 209 Fed.Appx. 781, 783-84 (11th Cir. 2006) (unpublished) (citing and quoting Heath v. Jones, 863 F.2d 815, 822 (11th Cir. 1989)); 28 U.S.C. § 636(1) (providing in pertinent part that "[a] judge of the court shall make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made" and "[a] judge of the court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge"); Fed.R.Civ.P. 72(b)(3) (providing to the same effect as the statute). Having undertaken the task of conducting a *de novo* review of those portions of the administrative record to which Plaintiff has lodged objections,[3] the Court concludes that the Magistrate Judge's findings of fact are supported by substantial evidence in the record with regard to the credibility determinations arrived at in connection with the opinions of Drs. Christ and Hanna. See Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005).

---

[3] See docket 9.

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED** as follows:

1) The Report and Recommendation (Dkt. 18) is adopted, confirmed, and approved in all respects and is made a part of this order for all purposes, including appellate review.

2) The decision of Defendant is affirmed with the exception that Defendant's decision is modified to reflect that Plaintiff's disability onset date is June 16, 2008, instead of June 16, 2009.

3) The Clerk is directed to enter judgment for Defendant and to **CLOSE** this case.

**DONE AND ORDERED** at Tampa, Florida, on June 16, 2011.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record